[Crim. No. 4509. In Bank. June 22, 1944.]

THE PEOPLE, Respondent, v. CHARLES IVAN BAA, Appellant.

Irvin J. Kahn for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

GIBSON, C. J.—This is an automatic appeal from a judgment imposing the death penalty.

Count one of the information charged appellant and Preston Jones, both Negroes, with the murder of Tom Din Toy, a Chinese. Count two charged them with having conspired with Robert Denton, Grant Harris and Willie Davis to rob Toy. Count three charged appellant and Jones with the robbery of Toy. Appellant and Jones, represented by separate counsel, were jointly tried on all three counts.

The deceased was robbed and shot about 1:30 o'clock in the morning as he entered the hallway of the Service Hotel in the city of San Diego. The night clerk at the hotel testified that he heard a noise in the entrance way, followed by a flash and report of a gun. He saw the man who fired the shot bend over the victim and then run out of the hallway. Five minutes after the shooting he identified the jacket then being worn by appellant as similar to the one worn by the person who did the shooting.

A sergeant in the United States Marine Corps testified that just prior to the shooting he saw three men cross the street in front of the Service Hotel. Two of the men were about 15 feet in back of the third one. All three entered the hallway, there was a shot, and two of the men ran out to the street and separated. Appellant ran between automobiles parked near the hotel.

Two police officers heard the shot and saw two men run from the Service Hotel entrance. One of the officers saw appellant attempt to hide under an automobile parked at the curb near the hotel, and immediately took him into custody. The second officer pursued the other man who escaped.

Two detectives who came on the scene shortly after the

shooting testified that while lying wounded on the hotel steps Toy pointed at appellant and said, ''That is him, that is him,'' to which accusation appellant made no reply. On the way to the police station, appellant, according to these witnesses, stated that ''the Chinaman wouldn't have got shot if he had handed over the money.''

A gun containing one exploded cartridge was found at the curb near the hotel. A chambermaid in a San Diego hotel, where appellant lived under the surname of Alexander, identified the gun as one she had seen under a pillow in his room.

Appellant testified that while going home on the night of the shooting he met one Jim Stewart, who said to him, ''I am going your way, I have got to collect some money up there from a fellow.'' As they neared the Service Hotel, Stewart, referring to a man approaching the entrance, said, ''Well, there goes the fellow that owes me the money . . . come on and go with me.'' Stewart followed the man (Toy) into the hotel, saying to appellant, ''Wait right here, I'll go up and get the money.'' Immediately afterward appellant heard a scuffle, a shot, and a call for help. Entering the hallway appellant found Stewart and Toy scuffling and tried to part them. Toy grabbed the appellant and Stewart ran away. As soon as he could get free, appellant ran into the street and seeing two officers with drawn guns he threw himself under an automobile parked at the curb. Although appellant had known Stewart for some time and had seen him almost nightly during the month preceding the shooting, he was unable to say where he lived or worked. No one answering appellant's description of Stewart was ever apprehended in connection with the crime.

There can be no question that the evidence is sufficient to support the judgment. ▪▪▪ The sole contention urged by appellant on this appeal is that he was improperly denied a separate trial from the codefendant Jones. The proceedings in the superior court against Jones and Davis were suspended and they were taken before the juvenile court. Jones was later brought back to the superior court for plea and arraignment. In the interim, appellant had moved for a separate trial, which was granted. When Jones was again remanded to the superior court and arraigned, he moved before a different judge for a trial separate from appellant, which motion was denied. So far as the record reveals, appellant, who was present with counsel in court at the time Jones made his mo-

tion, did not then mention his prior motion and the order thereon, nor did he then make a motion for a separate trial from Jones. Because his motion for a separate trial had been theretofore granted, appellant now urges that his joint trial with Jones "was a nullity." But, at the time appellant moved for and was granted a separate trial, Jones had not been brought back to the superior court for plea and arraignment, and apparently only appellant, Denton and Harris, three of the five alleged conspirators, were then before the superior court. Under the circumstances, it must be concluded that appellant was not granted a trial separate from Jones.

There is no inconsistency in granting a defendant a trial separate from some codefendants while requiring a joint trial with others. Section 1098 of the Penal Code provides in part: "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials. In ordering separate trials, the court in its discretion may order a separate trial as to one or more defendants, and a joint trial as to the others, or may order any number of the defendants to be tried at one trial, and any number of the others at different trials, or may order a separate trial for each defendant." ■ Under the statute, a joint trial is contemplated, and a separate trial is a privilege and not a matter of right. (*People* v. *Rocco*, 209 Cal. 68, 73 [285 P. 704].) In the absence of a showing of an abuse of discretion, an appellate court will not interfere with the ruling of the trial court. (*People* v. *Eudy*, 12 Cal.2d 41, 45 [82 P.2d 359]; *People* v. *Perry*, 195 Cal. 623, 631-633 [234 P. 890].) ■ Furthermore, it does not appear that appellant was prejudiced in any way by having his case tried jointly with that of Jones. At all times appellant had the assistance of his own counsel, his rights were carefully guarded, and evidence relating solely to Jones was restricted by the rulings and instructions of the court.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.